The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number: _____

Filing Date: <u>November 2, 2022</u>

**No. A-1-CA-39401**

**BOBBY ROMERO, Personal Representative of the ESTATE OF FLOREN LUJAN JR.,**

     Plaintiff-Appellant,

v.

**NANCY TAFOYA,**

     Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**James Lawrence Sanchez, District Judge**

Stalter Law LLC
Kenneth H. Stalter
Albuquerque, NM

for Appellant

Moses, Dunn, Farmer & Tuthill, P.C.
Alicia L. Gutierrez
Albuquerque, NM

for Appellee

# OPINION

**BUSTAMANTE, Judge, retired, sitting by designation.**

{1} Plaintiff Bobby Romero, the personal representative of the Estate of Floren Lujan, Jr., appeals the district court's grant of summary judgment in favor of Defendant Nancy Tafoya. Plaintiff argues (1) NMSA 1978, Section 14-12A-9(B) (2003) (repealed 2021, effective Jan. 1, 2022) of the Notary Public Act, NMSA 1978, §§ 14-12A-1 to -26 (2003) (repealed 2021, effective Jan. 1, 2022) (recompiled as the Revised Uniform Law on Notarial Acts, NMSA 1978, §§ 14-14A-1 to -32 (2021, effective Jan. 1, 2022)),[1] is not the exclusive remedy for claims of misconduct of a notary public; (2) the two-year statute of limitations governing official bonds, NMSA 1978, § 37-1-8 (1976), does not apply to his claim; and (3) no alternate grounds exist to affirm the district court. We hold the Notary Public Act does not provide the exclusive remedy for misconduct of a notary public and no alternative basis exists to affirm the district court. We reverse and remand.

## BACKGROUND

{2} In 2011, Defendant, a notary public, notarized a general work experience affidavit on behalf of Mary Ann Lujan that was purportedly signed by Floren to obtain a renewal of a contractor license (the alleged false affidavit). Plaintiff asserted

---

[1]All references to the Notary Public Act in this opinion are to the 2003 version of the Act.

in this case that Floren never signed the alleged false affidavit, and that Mary Ann signed the affidavit using Floren's name in front of Defendant.

{3}    In 2015, Floren filed a complaint against Mary Ann and others for various breaches and misconduct (the 2015 case). During the course of the 2015 case, Mary Ann provided discovery to Floren evincing the alleged false affidavit. Floren died in late 2016.

{4}    In June 2020, Plaintiff, as personal representative of Floren's estate, filed a complaint for damages for fraud against Defendant on the basis of the false affidavit. Early in the litigation, Defendant filed a motion for summary judgment, arguing the Notary Public Act requires a claim for misconduct be against the notary public's official bond, and the four-year statute of limitations for the fraud claim, *see* NMSA 1978, § 37-1-7 (1880), had expired because Floren discovered the fraud in April 2016, and Plaintiff did not file the present case until June 2020. Without holding a hearing, the district court granted Defendant's motion for summary judgment. The district court determined that a complaint alleging misconduct by a notary public is limited by the Notary Public Act, Plaintiff's complaint was filed more than two years after the alleged misconduct was discovered, and the complaint was against Defendant individually and not against her bond as required by the Notary Public Act.

# DISCUSSION

**I.     The Notary Public Act Does Not Provide the Exclusive Remedy for Misconduct by a Notary Public**

{5}     Defendant first argues the district court erred in granting summary judgment as a matter of law because the Notary Public Act is nonexclusive and does not preclude common law tort claims against notaries public. Defendant appears to concede that the district court erred in this determination. This Court is not bound by the concession, and we conduct our own analysis as to whether the Notary Public Act is exclusive. *See State v. Caldwell*, 2008-NMCA-049, ¶ 8, 143 N.M. 792, 182 P.3d 775.

{6}     Whether Plaintiff's fraud claim is barred by the exclusivity of the Notary Public Act is a matter of law, which we review de novo. *See Moongate Water Co. v. City of Las Cruces*, 2014-NMCA-075, ¶ 5, 329 P.3d 727. "In interpreting statutes, we seek to give effect to the Legislature's intent." *Valenzuela v. Snyder*, 2014-NMCA-061, ¶ 16, 326 P.3d 1120 (internal quotation marks and citation omitted). "[T]he plain language of a statute is the primary indicator of legislative intent," and we "give the words used in the statute their ordinary meaning unless the [L]egislature indicates a different intent." *High Ridge Hinkle Joint Venture v. City of Albuquerque*, 1998-NMSC-050, ¶ 5, 126 N.M. 413, 970 P.2d 599 (internal quotation marks and citations omitted). To determine legislative intent we also "look to the language used

and consider the statute's history and background." *Valenzuela*, 2014-NMCA-061, ¶ 16 (internal quotation marks and citation omitted).

{7} A "notary public" is an individual commissioned by the governor of New Mexico who is authorized to perform notarial acts pursuant to the Notary Public Act, § 14-12A-2(I), which include "(1) acknowledgments; (2) oaths and affirmations; (3) jurats; (4) copy certifications; and (5) any other act so authorized by the law of this state." Section 14-12A-7(A). The Notary Public Act is clear that a notary public shall not perform a notarial act if the principal "is not in the notary public's presence at the time of notarization," § 14-12A-7(B)(1), "with the intent to deceive or defraud," § 14-12A-13, or if the notary public "knows or has good reason to believe that the notarial act or the associated transaction is unlawful." Section 14-12A-8(B)(1).

{8} To be commissioned as a notary public, the Notary Public Act requires an oath of office and a ten-thousand dollar bond to have been provided before the State issues a commission for a notary public. Section 14-12A-9(A). The Notary Public Act goes on to state, "A person damaged by an unlawful act, negligence or misconduct of a notary public in his [or her] official capacity may bring a civil action on the notary public's official bond." Section 14-12A-9(B).

{9} As Plaintiff notes, the Notary Public Act uses permissive language when it states a party "*may* bring a civil action on the notary public's official bond." *Id.* (emphasis added). "'May' confers, a power, authority, privilege or right." NMSA

4

1978, § 12-2A-4(B) (1997). The word "may" indicates the party asserting the action has discretion. *Cf. DeMichele v. N.M. Dep't of Tax'n & Revenue*, 2015-NMCA-095, ¶ 11, 356 P.3d 523 (noting "[t]he word 'may' indicates that the district court has discretion" (alteration, internal quotation marks, and citation omitted)). The use of this discretionary language is in contrast to "'[s]hall' and 'must,' [which] express a duty, obligation, requirement or condition precedent." Section 12-2A-4(A). The use of "may"—in contrast to the potential use of compulsory language—in the plain language of Section 14-12A-9(B) indicates the Legislature did not intend the statute to provide an exclusive remedy. *See Gandy v. Wal-Mart Stores, Inc.*, 1994-NMSC-040, ¶ 6, 117 N.M. 441, 872 P.2d 859 (interpreting a former version of Section 12-2A-4(B) as concluding the use of "shall" and "will" indicates a statute is mandatory and "may" is permissive); *High Ridge Hinkle Joint Venture*, 1998-NMSC-050, ¶ 5 (noting plain language is the primary indicator of legislative intent).

{10} Further, the Notary Public Act does not contain any language that suggests an exclusivity provision, which indicates it did not intend for the remedy to be exclusive because "the Legislature knows how to include language in a statute if it so desires." *See Chatterjee v. King*, 2011-NMCA-012, ¶ 15, 149 N.M. 625, 253 P.3d 915, *rev'd on other grounds by* 2012-NMSC-019, ¶ 52, 283 P.3d 283; *compare Salazar v. Torres*, 2007-NMSC-019, ¶ 11, 141 N.M. 559, 158 P.3d 449 (concluding the Workers' Compensation Act provided the exclusive remedy for all accidental

injuries based on statutory language that stated the act "provides exclusive remedies" (internal quotation marks and citation omitted)), *with Gandy*, 1994-NMSC-040, ¶ 7 (determining no statutory language in the Human Rights Act indicated the remedies are intended to be exclusive, and concluding the Act did not provide an exclusive remedy).

{11}   Finally, *Gandy* instructs that when an act's remedies differ from those provided by the common law, it indicates the act is not exclusive. 1994-NMSC-040, ¶ 8 (concluding that because "[p]unitive damages are sometimes recoverable in tort actions but are not recoverable under the Human Rights Act," it indicated the Act was not exclusive). Here, the Notary Public Act provides, for a remedy in the form of a civil action on the notary public's ten-thousand dollar surety bond. Section 14-12A-9(B). In contrast, "a plaintiff alleging fraud may recover such damages as are the direct and natural consequences of the reliance on a fraudulent representation." *Williams v. Stewart*, 2005-NMCA-061, ¶ 34, 137 N.M. 420, 112 P.3d 281. This difference provides another indication that the Legislature did not indicate the Notary Public Act to be exclusive.

{12}   Based on the foregoing, we conclude that Section 14-12A-9(B) does not provide the exclusive remedy for a claim against a notary public, and we accordingly reverse the district court's decision to grant Defendant's motion for summary judgment on that basis. Based on this determination and the fact that Plaintiff's

6

lawsuit was for an action in fraud, we need not address the district court's conclusion that Plaintiff's suit was erroneously filed against Defendant in her individual capacity and not against her in her official capacity or Plaintiff's arguments regarding the interpretation of the statute of limitations for actions against official bonds.

**II.    A Genuine Issue of Material Fact Exists as to When the Statute of Limitations for Plaintiff's Claim Began to Run**

{13}    We review the district court's grant of summary judgment de novo. *Salas v. Mountain States Mut. Cas. Co.*, 2009-NMSC-005, ¶ 12, 145 N.M. 542, 202 P.3d 801. "Summary judgment is only appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Garcia v. Underwriters at Lloyd's, London*, 2008-NMSC-018, ¶ 12, 143 N.M. 732, 182 P.3d 113 (internal quotation marks and citation omitted). "All reasonable inferences from the record are construed in favor of the non-moving party." *Id.*

{14}    In Defendant's memorandum in support of her motion for summary judgment, she asserted it was undisputed that Floren was alerted to the alleged false affidavit in April 2016. To support this assertion, Defendant relied on a certificate of service, dated April 8, 2016, for the defendants' responses to the plaintiff's first set of requests for production in the 2015 case. In response, Plaintiff disputed Defendant's assertion that Defendant was alerted to the false affidavit at the time Defendant alleged, and provided an affidavit stating, "To the best of my knowledge, the first

7

time Floren Lujan, Jr. saw this work experience affidavit was on or about June 21, 2016." The district court concluded only that "the [c]omplaint was filed more than two years after" the alleged misconduct was discovered by Floren, and did not discuss whether genuine issues of material fact existed regarding when Floren was alerted to the alleged false affidavit.

{15}     Defendant argues the district court's order should be upheld under the right for any reason doctrine because Plaintiff's claim is barred by the statute of limitations. Defendant relies on material not in the record, but requests we take judicial notice of a motion and its two attached exhibits from the 2015 case and determine they amount to a judicial admission. In a separate letter to the clerk of this Court, Defendant attached the motion and exhibits "referenced in her [a]nswer [b]rief pursuant to Rule 12-318(D)(2) NMRA." Based on these documents, Defendant argues no genuine issue of material fact exists regarding when Floren discovered Plaintiff's alleged fraud, and summary judgment should be upheld based on a violation of the statute of limitations. Plaintiff argues there is no alternate basis to uphold the district court's order granting summary judgment.

{16}     Plaintiff moved to strike the material. This Court held Plaintiff's motion in abeyance pending submission of this case to a panel.

{17}     The material at issue includes a response to a motion for leave to file a second amended complaint in the 2015 case. The motion opposes Floren's request for leave

8

to amend his complaint to add a claim for fraud because Floren knew of the fraud—the alleged false affidavit—in at least May 2016. The defendant supported the motion with evidence that Floren, through his attorneys, represented to the district court in the 2015 case that he was aware of the alleged false affidavit during a motion to dismiss hearing in May 2016. The pleading includes the transcript of proceedings for the hearing on a motion to dismiss as an exhibit. Defendant argues on appeal that these documents are evidence that Floren discovered the alleged forgery in May 2016, and based on that, the four-year statute of limitations barred Plaintiff's complaint in this matter as it was filed in June 2020. The documents were not presented to the district court and are not in the record proper before us.

{18}     We may take judicial notice of pertinent adjudicative facts when "a fact is not subject to reasonable dispute." Rule 11-201(B)(2) NRA ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). We decline to do so here. We explain.

{19}     Defendant's request for this Court to take judicial notice cannot be separated from her request that we uphold the district court's order granting summary judgment. The distillation of her two arguments is that she would like this Court to assess evidence not presented to the district court, and then conclude that based on that evidence, there is no genuine issue of material fact regarding when Floren

9

learned of the alleged false affidavit, and affirm the district court's grant of summary judgment on that basis. Defendant only presents a motion and the related evidence requesting that the district court in the 2015 case find Floren was made aware of the false affidavit in May 2016. Defendant does not provide us with the district court's factual finding or order regarding the matter. Granting Defendant's request would require us to make a determination that takes into account the evidence presented below—including Plaintiff's affidavit and the certificate of service—and the material presented to this Court.

**{20}** Determining whether there is a genuine issue of material fact regarding when Floren was alerted to the alleged false affidavit is the province of the district court. *See* Rule 1-056(B) NMRA (noting summary judgment is appropriate when the evidence presented shows there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law); *City of Sunland Park v. N.M. Pub. Regul. Comm'n*, 2004-NMCA-024, ¶ 17, 135 N.M. 143, 85 P.3d 267 ("Normally, an appellate court may not consider the documents if the district court's decision is not based on that material."). We decline to circumvent the district court's authority and to take judicial notice of the documents, assess if the material presented is a judicial admission, or review the validity of Plaintiff's affidavit.

**CONCLUSION**

{21}  We reverse the district court's order granting Defendant's motion for summary judgment and remand for proceedings consistent with this opinion. We also grant Plaintiff's motion to strike.

{22}  **IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge,
retired, sitting by designation.**

**WE CONCUR:**

_____
**JENNIFER L. ATTREP, Judge**

_____
**GERALD E. BACA, Judge**